UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ABUBAKAR SHEIKH,

    Petitioner,

v.                                                Case No. 17-cv-5330 (JNE/HB)
                                                    ORDER

JEFFERSON BEAUREGARD SESSIONS, III
Attorney General,

    Respondent.

---

Petitioner Abubakar Sheikh seeks an Emergency Motion for Temporary Restraining Order to stay his removal from the United States. Because this Court lacks jurisdiction, and for the reasons set forth below, Petitioner's motion is denied.

## BACKGROUND

Sheikh is a Somali national who came to the United States as a refugee in 1997. In 1999, he was convicted of a misdemeanor and taken into Immigration and Naturalization Service ("INS") custody. While in removal proceedings, he applied for asylum. He was ordered removed on March 12, 2003. He appealed to the Board of Immigration Appeals ("BIA") and was denied on May 26, 2004. The Eighth Circuit Court of Appeals denied his petition for review on November 2, 2005.

1

Subsequent to the removal order, Sheikh routinely reported to U.S. Immigration and Customs Enforcement ("ICE") as part of his order of supervision. In August 2017, he reported to one of his routine check-ins and was taken into ICE custody. On September 29, 2017, he filed a motion to reopen his case before the BIA. He also filed a motion to stay his deportation. Both motions are still pending.

The Government has informed Sheikh's counsel that his removal will take place on December 7, 2017. Sheikh contends that if he is removed to Somalia, he faces significant risk of persecution and torture. Specifically, he alleges that after two decades in the United States, he will be seen as a "westernized" infidel by the Muslim extremist group Al-Shabaab, which was formed in 2006.

## DISCUSSION

Sheikh seeks an emergency TRO to stay his removal at least until the BIA renders a decision on his motion to reopen. His principal argument is that failure to stay his removal pending the BIA's decision violates his constitutional right to due process and his rights, under the Immigration and Nationality Act and the Convention Against Torture, not to be removed to a country where he is likely to be persecuted or tortured.

Sheik's motion must be denied on jurisdictional grounds.[1] Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute

---

[1] The Court's analysis benefits from the December 5, 2017 Order issued by Judge Michael J. Davis in a substantially similar case, *Adan v. Sessions*, No. 17-CV-5328.

removal orders against any alien under this chapter." Because this action arises from the execution of a removal order, this Court lacks jurisdiction.

Sheikh's advances several arguments to support his position that this Court retains jurisdiction. First, he contends that he is not challenging the removal order, but instead is challenging his deprivation of constitutional due process and his statutory right not to be removed to a country where he is likely to be subjected to persecution or torture. But § 1252(g) removes jurisdiction over "any cause or claim" that arises from the execution of a removal order. As the Eighth Circuit has recently explained, "A claim that is 'connected directly and immediately' to a decision to execute a removal order arises from that decision." *Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)). Here, Sheikh's claim arises from the execution of a removal order, despite the fact that it takes the form of a habeas petition. As such, it falls within the scope of § 1252(g), and the Court lacks jurisdiction.

Sheikh next argues that the Court has jurisdiction via an exception to § 1252(g) for "habeas claims raising a pure question of law," recognized by the Eighth Circuit. *Silva v. United States*, 866 F.3d 938, 941 (8th Cir. 2017) (describing the holding in *Jama v. Immigration & Naturalization Service*, 329 F.3d 630 (8th Cir. 2003)). Sheikh's position is that he is challenging "the act of removal, rather than the decision to execute a removal order," and that this falls into the *Jama* carve-out. But Sheikh's claim is not a pure question of law. It is a fact-intensive inquiry involving an assessment of changed country conditions. In this way, it stands in sharp contrast to the issue in *Jama*, which was a

statutory construction question about the Attorney General's "legal conclusion" that an alien petitioner could be returned to a country before it was established that the country would accept him. *Silva*, 866 F. 3d at 941. Accordingly, jurisdiction over Sheikh's claim cannot be established via the purely legal question exception to § 1252(g).

Sheikh urges the Court to follow the decisions in two recent federal district court cases outside of this circuit: *Hamama v. Adducci*, 258 F.Supp.3d 828 (E.D. Mich. 2017) and *Devitri v. Cronen*, 2017 WL 5707528 (D. Mass. Nov. 27, 2017). The courts in both cases retained jurisdiction over challenges to removal orders, principally on the grounds that denying a stay would violate the Suspension Clause of the United States Constitution. Sheikh maintains that here, as in *Hamama* and *Adducci*, denial of his stay will violate the Suspension Clause because there is no adequate or efficient alternative for appeal. But Sheikh's reliance on those cases is misplaced. First, both decisions are at odds with clear Eighth Circuit precedent regarding district court habeas jurisdiction over removal orders. *See, Tostado v. Carlson*, 481 F.3d 1012 (8th. Cir 2007) ("Under § 106(c) of the REAL ID Act, district courts no longer have habeas jurisdiction to review final orders of review. . . ."). The decisions also conflict with the Eighth Circuit's conclusion that the mechanism for appeal provided by the REAL ID Act is an adequate and effective substitute for habeas – a holding that undercuts the rationale in *Hammer* and *Adducci*. *See Mohamed v. Gonzales*, 477 F.3d 522, 526 (8th Cir. 2007). Moreover, even if Eighth Circuit precedent were not an obstacle, *Hammer* and *Adducci* are distinguishable because the sudden policy shift that triggered removal orders of the aliens in those cases is not replicated here.

Lastly, Sheikh contends that his due process argument is bolstered because the Eighth Circuit still enforces the so-called "departure bar" rule of 8 C.F.R. § 1003.2(d), under which motions to reopen cannot be made after an alien has departed from the United States. Sheikh argues that because this rule eliminates his options for appeal after removal, he will not be afforded due process. The Court disagrees. Every circuit court that has addressed the issue has declined to enforce the departure bar. The Eighth Circuit has not had occasion to rule on the question. But in *Gomez-Gutierrez v. Lynch*, the Eighth Circuit did note the out-of-circuit unanimity on the departure bar question. 811 F.3d 1053, 1057, n.3 (8th Cir. 2016) (citing *Toor v. Lynch*, 789 F.3d 1055, 1056-57 (9th Cir.2015) for the proposition that "every other circuit that has addressed" the departure bar issue has held it invalid). Therefore, this Court anticipates that the Eighth Circuit would not decide the departure bar question contrary to the holding in *Toor* and the related cases from other circuits.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal [ECF No. 3] is DENIED.

Dated: December 6, 2017          **s/ Joan N. Ericksen**
                                  JOAN N. ERICKSEN
                                  United States District Judge

5